FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SERGIO GARCIA-RIVAS,

     Defendant - Appellant.

No. 16-6118
(D.C. Nos. 5:15-CV-01083-R and
5:12-CR-00247-R-1)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Sergio Garcia-Rivas, a federal prisoner proceeding pro se, moved for relief under 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma. The district court denied his motion and his request for a certificate of appealability (COA). He now seeks from this court a COA to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal dismissal of § 2255 motion). We deny a COA and dismiss the appeal because no reasonable jurist could debate that the district court erred in its denial of his claim.

Defendant was indicted on 11 counts related to his alleged participation in a drug-trafficking conspiracy. He reached a plea agreement with the government under which the government dismissed 10 counts and he pleaded guilty to one count of distributing 246.3 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The parties

stipulated that for purposes of the Sentencing Guidelines he was accountable for two pounds of actual methamphetamine. The district court sentenced him to 180 months' imprisonment. He did not appeal.

Defendant's § 2255 motion raised several claims, but he pursues only one in this court. He maintains that the district court erred in determining his guidelines offense level by attributing to him two pounds of methamphetamine rather than only the 246.3 grams to which he pleaded guilty.

A COA will issue "only if the [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the defendant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Defendant's argument assumes that his offense level must be based only on the specific conduct for which he was convicted. But the sentencing court must also consider "relevant conduct." USSG § 1B1.3. "Relevant conduct" is the term used by the Sentencing Guidelines for the conduct of the defendant that is considered in setting offense levels. Under § 1B1.3 it includes all acts and omissions of a defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that

2

offense." *Id.* "[I]n the case of a jointly undertaken criminal activity, [a defendant is accountable for] all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." *U.S. v. Dewberry*, 790 F.3d 1022, 1034 (10th Cir. 2015); *see U.S. v. Taylor*, 97 F.3d 1360, 1362–63 (10th Cir. 1996) ("In calculating the quantity of drugs involved, the guidelines indicate that the sentencing court should include all relevant quantities of drugs, including 'quantities of drugs not specified in the count of conviction.'"). Relevant conduct may include alleged crimes that were not charged or that the defendant was acquitted of. *See U.S. v. Alisuretove*, 788 F.3d 1247, 1254–55 (10th Cir. 2015).

Defendant relies on *United States v. Burnett*, 827 F.3d 1108, 1121 (D.C. Cir. 2016), which held that the district court erred by basing the defendant's sentence in part on conduct that occurred before he joined the conspiracy. But there was no such error here. Defendant stipulated in his plea agreement that two pounds of methamphetamine was attributable to him for sentencing purposes. That means he participated in conduct involving that quantity of the drug. Indeed, the presentence report recommended that he be held responsible for 44.09 kilograms of methamphetamine.

No reasonable jurist could debate whether Defendant's § 2255 motion ought to have been granted. We **DENY** Defendant's request for a COA and **DISMISS** his appeal. We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge

3